

## IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### AT PEORIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 14- *10063* |
| | ) | |
| SHAHER M. MIZYED and | ) | VIO: Title 18, United States Code, |
| MOHAMMAD M. MIZYED, | ) | Sections 371, 1341 and 1344 and |
| | ) | Title 26, United States Code, Section |
| Defendants. | ) | 7206(1) |

### INDICTMENT

THE GRAND JURY CHARGES:

### COUNT ONE
### (Conspiracy to Defraud the United States and to Violate the Tax Laws)

### The Conspiracy

1.  Beginning in or about January 2006 and continuing to in or about

September 2011, at Peoria, in the Central District of Illinois and elsewhere,

### SHAHER M. MIZYED
### and
### MOHAMMAD M. MIZYED,

defendants herein, did unlawfully, voluntarily, intentionally and knowingly

combine, confederate, and agree together and with each other and with others

known and unknown to defraud the United States for the purpose of impeding,

impairing, obstructing, and defeating the unlawful Government functions of the Internal Revenue Service of the Treasury Department in the ascertainment, computation, assessment, and collection of the revenue: to wit, income taxes.

## Parties and Entities

At all relevant times:

2. Tira Oil LLC (hereafter, "Tira Oil") was an Illinois Limited Liability Company ("LLC") organized under the laws of the State of Illinois in approximately July 2003. Tira Oil operated Fast Stop Gas Station, a gas station and convenience store located at 3606 N. Prospect Road, Peoria, Illinois.

3. Documents filed with the Illinois Secretary of State identify SHAHER MIZYED and MOHAMMAD MIZYED as the LLC members and MOHAMMAD MIZYED as the Registered Agent.

4. Tira Oil purchased the property at 3606 N. Prospect Road in August 2003 and in October 2010 deeded it to Entwerp Enterprises, Inc., which was incorporated in January 2010. In August 2011, the Application for Reinstatement of Domestic/Foreign Corporation filed with the Illinois Secretary of State identified MOHAMMAD MIZYED as the president of Entwerp Enterprises, Inc.

5. On occasion SHAHER MIZYED was identified as the owner of Tira Oil and on other occasions MOHAMMAD MIZYED was identified as the owner of Tira Oil.

## Manner and Means of the Conspiracy

The manner and means by which the conspiracy was sought to be accomplished included, among others, the following:

6.  Daily, SHAHER MIZYED or MOHAMMAD MIZYED opened the gas station and reviewed and recorded the daily sales receipts for the previous day's sales activities, many of which were done in cash.

7.  To divert corporate receipts to their own use, SHAHER MIZYED and MOHAMMAD MIZYED did not deposit all of the cash generated from the operation of Fast Stop Gas Station into Tira Oil's bank account.

8.  Generally, SHAHER MIZYED and MOHAMMAD MIZYED split the remaining un-deposited cash between themselves, as well as paying some business expenses in cash.

9.  To conceal the diversion of corporate receipts to their own use, SHAHER MIZYED and MOHAMMAD MIZYED provided false information to the accountant for use in preparing Tira Oil's corporate income tax returns.

10.  SHAHER MIZYED and MOHAMMAD MIZYED did not report all wages and distributions they received from Tira Oil on their personal tax returns.

11. SHAHER MIZYED and MOHAMMAD MIZYED filed corporate income tax returns for Tira Oil with the Internal Revenue Service for the years

2006, 2007, 2008, 2009, and 2010 which substantially under-reported the gross receipts, the taxable income, and the taxes owed by Tira Oil.

12.  SHAHER MIZYED signed the corporate income tax returns under penalty of perjury, knowing that the returns substantially under-reported the gross income, the taxable income, and the taxes owed by Tira Oil.

13.  After learning of an investigation by the State of Illinois, SHAHER MIZYED directed the accountant to prepare amended 2008 and 2009 corporate income tax returns for Tira Oil.  SHAHER MIZYED again provided false information to the accountant and the amended tax returns were also false.

14.  During the period of the conspiracy, SHAHER MIZYED and MOHAMMAD MIZYED failed to report approximately $6.1 million in gross receipts for Tira Oil.  As a result, Tira Oil has approximately $171,000.00 in corporate income taxes due and owing.

## Overt Acts in Furtherance of the Conspiracy

In furtherance of the conspiracy and to effect the objects thereof, the following overt acts, among others, were committed in the Central District of Illinois and elsewhere:

15.  SHAHER MIZYED and MOHAMMAD MIZYED provided Tira Oil's sales and tax numbers to the accountant preparing the corporate returns.

16.  On or about August 29, 2007, SHAHER MIZYED signed and submitted a U.S. Corporate Income Tax Return, Form 1120, for Tira Oil for the tax year 2006 which under-reported the gross receipts of the business by approximately $900,000.00.

17.  On or about March 14, 2008, SHAHER MIZYED signed and submitted a U.S. Corporate Income Tax Return, Form 1120, for Tira Oil for the tax year 2007 which under-reported the gross receipts of the business by approximately $1,000,000.00.

18.  On or about September 15, 2009, SHAHER MIZYED signed and submitted a U.S. Corporate Income Tax Return, Form 1120, for Tira Oil for the tax year 2008 which under-reported the gross receipts of the business by approximately $1.5 million.

19.  On or about March 30, 2010, SHAHER MIZYED signed and submitted a U.S. Corporate Income Tax Return, Form 1120, for Tira Oil for the tax year 2009 which under-reported the gross receipts of the business by approximately $1.4 million.

20.  On or about September 13, 2011, SHAHER MIZYED signed and submitted a U.S. Corporate Income Tax Return, Form 1120, for Tira Oil for the tax year 2010 which under-reported the gross receipts of the business by approximately $1.1 million.

21.  On or about September 13, 2011, SHAHER MIZYED signed and submitted an Amended U.S. Corporate Income Tax Return, Form 1120X, for Tira Oil for the tax year 2008 which under-reported the gross receipts of the business by approximately $1.3 million.

22.  On or about September 13, 2011, SHAHER MIZYED signed and submitted an Amended U.S. Corporate Income Tax Return, Form 1120 X, for Tira Oil for the tax year 2009 which under-reported the gross receipts of the business by approximately $1.2 million.

23.  On or about August 7, 2009, MOHAMMAD MIZYED signed and submitted a personal income tax return Form 1040 for the tax year 2008 which failed to report income from Tira Oil.

24.  On or about March 30, 2010, MOHAMMAD MIZYED signed and submitted a personal income tax return Form 1040 for the tax year 2009 which failed to report income from Tira Oil.

25.  On or about September 23, 2011, MOHAMMAD MIZYED filed and caused to be filed a personal income tax return Form 1040 for the tax year 2010 which failed to report income from Tira Oil.

In violation of Title 18, United States Code, Section 371.

## COUNT TWO
### (Filing False Corporate Tax Return)

On or about September 15, 2009, in the Central District of Illinois,

SHAHER MIZYED,

defendant herein, a resident of Peoria, Illinois, did willfully make and subscribe a

false U.S. Corporate Income Tax Return, Form 1120, for Tira Oil for the tax year

2008, which was verified by a written declaration that it was made under the

penalties of perjury and which SHAHER MIZYED did not believe to be true and

correct as to every material matter.  Tira Oil's corporate tax return, which was

filed with the Director, Internal Revenue Service Center, stated that the gross

receipts were $1,850,097.00, whereas, as SHAHER MIZYED then and there well

knew and believed, the gross receipts were substantially more than reported, as

Tira Oil was actually receiving approximately $3,414,537.00 in gross receipts;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT THREE
### (Filing False Corporate Tax Return)

On or about March 30, 2010, in the Central District of Illinois,

SHAHER MIZYED,

defendant herein, a resident of Peoria, Illinois, did willfully make and subscribe a

false U.S. Corporate Income Tax Return, Form 1120, for Tira Oil for the tax year

2009, which was verified by a written declaration that it was made under the

penalties of perjury and which SHAHER MIZYED did not believe to be true and

correct as to every material matter.  Tira Oil's corporate tax return, which was

filed with the Director, Internal Revenue Service Center, stated that the gross

receipts were $1,250,806.00, whereas, as SHAHER MIZYED then and there well

knew and believed, the gross receipts were substantially more than reported, as

Tira Oil was actually receiving approximately $2,693,151.00 in gross receipts;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FOUR
**(Filing False Corporate Tax Return)**

On or about September 13, 2011, in the Central District of Illinois,

SHAHER MIZYED,

defendant herein, a resident of Peoria, Illinois, did willfully make and subscribe a

false U.S. Corporate Income Tax Return, Form 1120, for Tira Oil for the tax year

2010, which was verified by a written declaration that it was made under the

penalties of perjury and which SHAHER MIZYED did not believe to be true and

correct as to every material matter.  Tira Oil's corporate tax return, which was

filed with the Director, Internal Revenue Service Center, stated that the gross

receipts were $1,642,816.00, whereas, as SHAHER MIZYED then and there well

knew and believed, the gross receipts were substantially more than reported, as

Tira Oil was actually receiving approximately $2,759,924.00 in gross receipts;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT FIVE
### (Filing False Amended Corporate Tax Return)

On or about September 13, 2011, in the Central District of Illinois,

SHAHER MIZYED,

defendant herein, a resident of Peoria, Illinois, did willfully make and subscribe a false amended U.S. Corporate Income Tax Return, Form 1120X, for Tira Oil for the tax year 2008, which was verified by a written declaration that it was made under the penalties of perjury and which SHAHER MIZYED did not believe to be true and correct as to every material matter.  Tira Oil's amended corporate tax return, which was filed with the Director, Internal Revenue Service Center, stated that the gross receipts were $2,054,475.00, whereas, as SHAHER MIZYED then and there well knew and believed, the gross receipts were substantially more than reported, as Tira Oil was actually receiving approximately $3,414,537.00 in gross receipts;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT SIX
### (Filing False Amended Corporate Tax Return)

On or about September 13, 2011, in the Central District of Illinois,

SHAHER MIZYED,

defendant herein, a resident of Peoria, Illinois, did willfully make and subscribe a false amended U.S. Corporate Income Tax Return, Form 1120X, for Tira Oil for the tax year 2009, which was verified by a written declaration that it was made under the penalties of perjury and which SHAHER MIZYED did not believe to be true and correct as to every material matter.  Tira Oil's amended corporate tax return, which was filed with the Director, Internal Revenue Service Center, stated that the gross receipts were $1,414,659.00, whereas, as SHAHER MIZYED then and there well knew and believed, the gross receipts were substantially more than reported, as Tira Oil was actually receiving approximately $2,693,151.00 in gross receipts;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT SEVEN
### (Filing False Personal Tax Return)

On or about March 30, 2010, in the Central District of Illinois,

MOHAMMAD MIZYED,

defendant herein, a resident of Peoria, Illinois, did willfully make and subscribe a false U.S. Personal Income Tax Return, Form 1040, for the tax year 2009, which was verified by a written declaration that it was made under the penalties of perjury and which MOHAMMAD MIZYED did not believe to be true and correct as to every material matter. MOHAMMAD MIZYED's personal tax return, which was filed with the Director, Internal Revenue Service Center, failed to report income from Tira Oil of any kind, whereas, as MOHAMMAD MIZYED well knew, he received income from Tira Oil;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT EIGHT
### (Filing False Personal Tax Return)

On or about September 23, 2011, in the Central District of Illinois,

MOHAMMAD MIZYED,

defendant herein, a resident of Peoria, Illinois, did willfully make and subscribe a false U.S. Personal Income Tax Return, Form 1040, for the tax year 2010, which was verified by a written declaration that it was made under the penalties of perjury and which MOHAMMAD MIZYED did not believe to be true and correct as to every material matter. MOHAMMAD MIZYED's personal tax return, which was filed with the Director, Internal Revenue Service Center, failed to report income from Tira Oil of any kind, whereas, as MOHAMMAD MIZYED well knew, he received income from Tira Oil;

In violation of Title 26, United States Code, Section 7206(1).

## COUNT NINE
**(Conspiracy to Commit Mail Fraud)**

### Introduction

1.  The allegations of Paragraphs Two - Five of Count One are incorporated by reference herein.

### The Conspiracy

2.  Starting in or about 2003 and continuing to the present, in the Central District of Illinois and elsewhere,

SHAHER MIZYED
and
MOHAMMAD MIZYED,

defendants herein, knowingly combined, conspired, confederated and agreed with each other and with others known and unknown to the Grand Jury to devise a scheme and artifice to defraud the State of Illinois and to obtain its money and property by means of false and fraudulent pretenses, representations, and promises, through the use of the United States mail, in violation of Title 18, United States Code, Section 1341.

3.  It was part of the conspiracy that at various times SHAHER MIZYED and MOHAMMAD MIZYED each identified himself as the owner of Tira Oil.

4.  It was part of the conspiracy that members of the conspiracy concealed income and provided false information to the State of Illinois and others to obtain medical and other benefits.

5.  It was part of the conspiracy that members of the conspiracy provided and caused to be provided false information about their income to the State of Illinois Department of Human Services (hereafter, DHS) for the purpose of obtaining medical and other benefits.

### Overt Acts

6.  In furtherance of and to effect the object of the conspiracy and to accomplish its purpose, the defendants and co-conspirators committed the following overt acts:

a.  In October 2003, a member of the conspiracy submitted an application to DHS for medical benefits for SHAHER MIZYED's family.

b.  In October 2003, a member of the conspiracy submitted an application to DHS for medical benefits for MOHAMMAD MIZYED's family.

c.  In November 2003, a member of the conspiracy completed DHS's Request for Employer Statement.  The Request reported that SHAHER MIZYED worked 40 hours per week and earned $12.50 per hour.

d.  In December 2003, a member of the conspiracy submitted an application on behalf of MOHAMMAD MIZYED's family to DHS.  According to

the application, MOHAMMAD MIZYED received $400.00 every two weeks from Tira Oil.  Pay stubs were included to show the biweekly pay with taxes being withheld.

e.  In or about December 2004, a member of the conspiracy submitted a Medical Eligibility Redetermination Form on behalf of SHAHER MIZYED's family to DHS.  The Redetermination Form listed weekly wages of $500.00 for SHAHER MIZYED.

f.  In July 2006, a member of the conspiracy submitted a Medical Eligibility Redetermination Form on behalf of MOHAMMAD MIZYED's family. According to the Form, MOHAMMAD MIZYED received income of $450.00 every two weeks.  Pay stubs were included to show MOHAMMAD MIZYED's employment at Tira Oil.

g.  In August 2006, a member of the conspiracy represented that SHAHER MIZYED's gross monthly income for the family was $800.00.

h.  In June 2007, a member of the conspiracy submitted a Medical Eligibility Redetermination Form to DHS for SHAHER MIZYED's family which reported that the only sources of income for the family were SHAHER MIZYED'S biweekly income of $400.00 from Tira Oil and a family member's socials security benefits.

i.  In June 2007, as proof of income, a member of the conspiracy submitted to DHS a Tira Oil check payable to SHAHER MIZYED in the amount of $400.00.

j.  In August 2007, a member of the conspiracy submitted a Medical Eligibility Redetermination Form on behalf of MOHAMMAD MIZYED's family. According to the Form, MOHAMMAD MIZYED received income of $400.00 every two weeks.  Pay stubs were included to show MOHAMMAD MIZYED's employment at Tira Oil.

k.  In October 2009, a member of the conspiracy mailed an Eligibility Redetermination Form on behalf of MOHAMMAD MIZYED's family to DHS.

8.  As a result of the scheme and artifice to defraud, SHAHER MIZYED and MOHAMMAD MIZYED and others known and unknown fraudulently obtained approximately $200,000 in medical and other benefits from the State of Illinois.

All in violation of Title 18, United States Code, Section 371.

## COUNTS TEN – THIRTEEN
### (Mail Fraud)

1. The allegations of Paragraphs Two – Five of Count One are incorporated by reference herein.

2. At all times material, Tira Oil was required to file monthly Illinois Sales and Use Tax Returns (ST-1s) with the State of Illinois which accurately reflected the sales of gas and other goods during the preceding month.  The tax rates varied, with sales of certain products such as gasoline being taxed at a higher tax rate. Those returns were used to determine the correct amount of sales tax due to the State of Illinois.

### Scheme to Defraud

3. Starting in or about January 2006 and continuing to in or about January 2012, in the Central District of Illinois and elsewhere,

SHAHER MIZYED,

defendant herein, devised and intended to devise a scheme and artifice to defraud the State of Illinois and others and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

4. It was a part of the scheme and artifice to defraud that SHAHER MIZYED submitted Illinois Sales and Use Tax Returns, Forms ST-1, to the State

of Illinois which were materially false in that the defendant substantially under-reported the amount of gas and other goods sold at Tira Oil.

5.  It was further a part of the scheme and artifice to defraud that on or about April 6, 2010, during an investigation by the Illinois Department of Revenue, revenue agents served SHAHER MIZYED with a Formal Demand for Production of Books and Records requiring the production of books and records of Tira Oil.  Despite the Formal Demand, SHAHER MIZYED did not produce all of the books and records as required.

6.  It was further a part of the scheme and artifice to defraud that in February 2011, SHAHER MIZYED represented to Illinois Department of Revenue Agents that sales records of Tira Oil had been destroyed in a fire at his home.  Contrary to that representation, the sales records had not been destroyed and were in fact found at the Fast Stop Gas Station during the execution of a search warrant on February 28, 2012.

7.  As a result of the scheme and artifice to defraud, SHAHER MIZYED failed to report approximately $4.3 million in sales of gas and other goods by Tira Oil, thereby defrauding the State of Illinois of state tax revenues of approximately $347,000.00.

## Mailings

8. For the purpose of executing the above-described scheme and artifice to defraud, on or about the below-listed dates, in the Central District of Illinois and elsewhere,

SHAHER MIZYED,

defendant herein, did knowingly cause to be delivered by the United States mail according to the directions thereon, the below-described mail matter:

| Count | Date | Addressee | Mail Matter |
|---|---|---|---|
| 10 | 4/20/10 | State of Illinois Dept. of Revenue Retailers' Occupation Tax Springfield, IL 62798-0001 | ST-1: March 2010 |
| 11 | 8/17/10 | State of Illinois Dept. of Revenue Retailers' Occupation Tax Springfield, IL 62798-0001 | ST-1: July 2010 |
| 12 | 2/15/11 | State of Illinois Dept. of Revenue Retailers' Occupation Tax Springfield, IL 62798-0001 | ST-1: January 2011 |
| 13 | 1/17/12 | State of Illinois Dept. of Revenue Retailers' Occupation Tax Springfield, IL 62798-0001 | ST-1: December 2011 |

All in violation of Title 18, United States Code, Section 1341.

## COUNT FOURTEEN
**(Bank Fraud)**

1. In or about March 2009, in the Central District of Illinois and elsewhere,

SHAHER MIZYED,

defendant herein, devised a scheme and artifice to defraud Wells Fargo Bank, a

financial institution whose deposits were insured by the Federal Deposit

Insurance Corporation (FDIC), and to obtain moneys, funds, credits, assets,

securities, and other property owned by and under the custody and control of

Wells Fargo Bank by means of materially false and fraudulent pretenses,

representations, and promises.

2. It was a part of the scheme and artifice that for the tax years of 2004

through 2008, SHAHER MIZYED reported rents he received from a rental

apartment property located at 3010 Granada Court, Peoria, Illinois on Schedule E

forms connected to the Form 1040 personal tax returns which he filed with the

Internal Revenue Service (IRS).  As to each of those years, MIZYED reported a

loss on the Granada Court rental property due to expenses and depreciation.

3. It was further a part of the scheme and artifice that in March 2009,

SHAHER MIZYED completed an application at Wells Fargo Bank to refinance

his home mortgage.  MIZYED requested approximately $328,500.00.

4. It was further a part of the scheme and artifice that, as part of the

application process, SHAHER MIZYED provided to Wells Fargo Bank a Form

1040 personal tax return for the tax year 2007.  The tax return reported an

adjusted gross income of $95,056.00.  The tax return's Schedule E relating to

Granada Court reported that MIZYED received rents of $143,600.00, had

expenses of $30,299.00, and depreciation of $18,245.00, resulting in income of

$95,056.00.

 5.  It was further a part of the scheme and artifice that the 2007 tax return

MIZYED provided to Wells Fargo Bank was false.  In truth and fact, as the

defendant well knew and believed, the tax return he provided to Wells Fargo

was not the tax return he filed with the IRS.  The tax return he filed with the IRS

reported substantially less income, reporting adjusted gross income of

$-79,793.00.  The filed tax return's Schedule E relating to Granada Court reported

rents of $45,600.00, expenses of $30,299.00, and depreciation of $18,245.00,

resulting in a $2,944.00 loss.

 6.  On or about March 31, 2009, in the Central District of Illinois and

elsewhere,

SHAHER MIZYED,

defendant herein, executed and attempted to execute the scheme and artifice as

set forth above, in that the defendant submitted an application and supporting

documents to Wells Fargo Bank for a home mortgage re-financing which were

false;

 In violation of Title 18, United States Code, Section 1344.

22

## COUNT FIFTEEN
### (Bank Fraud)

1.  On or about October 21, 2009, in the Central District of Illinois and elsewhere,

### MOHAMMAD MIZYED,

defendant herein, devised a scheme and artifice to defraud Wells Fargo Bank, a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation (FDIC), and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Wells Fargo Bank by means of materially false and fraudulent pretenses, representations, and promises.

2.  It was a part of the scheme and artifice that for the tax years 2004 through 2008, MOHAMMAD MIZYED reported income on the Schedule C forms connected to the Form 1040 personal tax returns which he filed with the Internal Revenue Service (IRS).  For tax years 2004 through 2007, the Schedule C reported that the income was from MIZYED's position as "apartment manager." The 2008 return reported that the income was from his position as "manager."

3.  It was further a part of the scheme and artifice that in October 2009, MOHAMMAD MIZYED completed an application at Wells Fargo Bank for a

home mortgage.  MIZYED requested approximately $319,00.00 for the purchase of his home.

4.  It was further a part of the scheme and artifice that, as part of the application process, MOHAMMAD MIZYED provided personal tax returns for the tax years 2007 and 2008 to Wells Fargo Bank.  The tax returns reported $67,056.00 in Schedule E income in 2007 and $66,109.00 in Schedule E income in 2008, all of which was reportedly derived from a rental apartment property located at 3010 Granada Court, Peoria, Illinois.

5.  It was further a part of the scheme that the 2007 and 2008 tax returns MIZYED provided to Wells Fargo Bank were false.  In truth and fact, as the defendant well knew and believed, the tax returns he provided to Wells Fargo Bank were not the returns he filed with the IRS.  The tax returns he filed with the IRS did not report any Schedule E income from the Granada Court apartments.

6.  On or about October 21, 2009, in the Central District of Illinois and elsewhere,

MOHAMMAD MIZYED,

defendant herein, executed and attempted to execute the scheme and artifice as set forth above, in that the defendant submitted an application and supporting documents to Wells Fargo Bank for a home mortgage financing which were false;

In violation of Title 18, United States Code, Section 1344.

24

## FORFEITURE ALLEGATIONS

1.  The allegations contained in Counts 9 through 15 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the forfeiture statutes referred to below.

2.  Pursuant to Title 18, United States Code, Section 982(a)(7), upon conviction of a conspiracy to violate Title 18, United States Code, Section 1341, the defendants, SHAHER M. MIZYED and MOHAMMAD M. MIZYED, shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds obtained, directly or indirectly, as a result of the offense of Mail Fraud.  The property to be forfeited includes, but is not limited to the sum of $200,000.00, which represents the amount of medical and other benefits fraudulently obtained from the State of Illinois.

3.  Upon conviction of the offense in violation of Title 18, United States Code, Section 1341 set forth in Counts 10 through 13 of this Indictment, the defendant, SHAHER M. MIZYED, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.  The property to be forfeited includes, but is not limited to, the sum of $347,000.00.

4.  Upon conviction of the offense of Bank Fraud in violation of Title 18, United States Code, Section 1344, set forth in Counts 14 and 15 of this Indictment, the defendants, SHAHER M. MIZYED and MOHAMMAD M. MIZYED, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses.

5.  The United States seeks a personal money judgment against the defendants, jointly and severally, in a sum of money yet to be determined, which would represent the amount of the net proceeds obtained as a result of the offenses described in Counts 9 through 15 of this Indictment.

6.  If any of the property described above, as a result of any act or omission of the defendants:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

   c.  has been placed beyond the jurisdiction of the court;

   d.  has been substantially diminished in value; or

   e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title

i.  In June 2007, as proof of income, a member of the conspiracy submitted to DHS a Tira Oil check payable to SHAHER MIZYED in the amount of $400.00.

j.  In August 2007, a member of the conspiracy submitted a Medical Eligibility Redetermination Form on behalf of MOHAMMAD MIZYED's family. According to the Form, MOHAMMAD MIZYED received income of $400.00 every two weeks.  Pay stubs were included to show MOHAMMAD MIZYED's employment at Tira Oil.

k.  In October 2009, a member of the conspiracy mailed an Eligibility Redetermination Form on behalf of MOHAMMAD MIZYED's family to DHS.

8.  As a result of the scheme and artifice to defraud, SHAHER MIZYED and MOHAMMAD MIZYED and others known and unknown fraudulently obtained approximately $200,000 in medical and other benefits from the State of Illinois.

All in violation of Title 18, United States Code, Section 371.

18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A True Bill

s/Foreperson

Foreperson

s/Darilynn J. Knauss

JAMES A. LEWIS
*UNITED STATES ATTORNEY*

DJK:snl